E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
JASON C. PANG (Cal. Bar No. 296043)
SURIA M. BAHADUE (Cal. Bar No. 344369)
Assistant United States Attorneys
        1400/1200/1000 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0637/2652/5487
        Facsimile: (213) 894-0141
        E-mail:    Patrick.Castaneda@usdoj.gov
                   Jason.Pang@usdoj.gov
                   Suria.Bahadue@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-CR-00244(B)-AB |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT MUCKTARR KATHER SEI'S MOTION TO PLEAD GUILTY TO COUNT ONE AND TO STRIKE SURPLUSAGE FROM COUNT ONE (DKT. 183) |
| v. | |
| MUCKTARR KATHER SEI,<br>  aka "Kather Sei,"<br>  aka "Kat," | Hearing Date: May 20, 2024<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the<br>             Hon. André Birotte,<br>             Jr. |
| Defendant. | |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Patrick Castañeda,

Jason C. Pang, and Suria M. Bahadue, hereby files its Opposition to

defendant Mucktarr Kather Sei's Motion to Plead Guilty to Count One

and to Strike Surplusage from Count One (Dkt. 183).

1        This Opposition is based upon the attached memorandum of points

2    and authorities, the files and records in this case, and such further

3    evidence and argument as the Court may permit.

4     Dated: April 26, 2024        Respectfully submitted,

5                                        E. MARTIN ESTRADA
      United States Attorney

6
      MACK E. JENKINS

7          Assistant United States Attorney
      Chief, Criminal Division

8

9                             /s/

      PATRICK CASTAÑEDA
10         JASON C. PANG
      SURIA M. BAHADUE

11         Assistant United States Attorneys

12         Attorneys for Plaintiff
      UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      Defendant Mucktarr Kather Sei is charged in Count One of the

4 Second Superseding Indictment ("SSI") with conspiring with co-

5 defendant Mirela Todorova and others to distribute controlled

6 substances, resulting in one fatal and three near-fatal overdoses.[1]

7 Defendant Sei now seeks to shirk his responsibility for his role in

8 the conspiracy in two ways.  First, defendant Sei argues that he

9 cannot be held responsible for the charged death and overdoses

10 resulting from the conspiracy's distribution of fentanyl pills

11 marketed as oxycodone because the SSI alleges that defendant Sei

12 agreed to distribute cocaine, MDMA, and oxycodone -- but not

13 fentanyl.  Second, he argues that he should be allowed to plead open

14 to Count One without admitting to the charged facts of the overdoses,

15 each of which increase the mandatory minimum and maximum penalty

16 applicable to Count One.

17      The Court should reject both arguments as contrary to

18 controlling Ninth Circuit law.  As explained further below, the

19 government does not need to prove defendant Sei's intent or agreement

20 to distribute fentanyl to obtain the 20-year mandatory minimum and

21 life maximum enhanced penalties applicable to Count One.  See United

22 States v. Collazo, 984 F.3d 1308, 1333 (9th Cir. 2021).  In addition,

23 defendant Sei cannot plead open to conspiracy to distribute

24 controlled substances without also admitting that the distributions

25

26      [1] Defendant Sei's motion was filed when the First Superseding
Indictment ("FSI") was the operative charging document.  On April 3,
27 2024, however, a grand jury returned the SSI.  At the April 10, 2024
status conference, counsel for defendant Sei stated that he did not
28 need to revise the motion; accordingly, the government responds based
on the allegations set forth in the SSI.

resulted in the charged overdoses because a defendant cannot plead open to a lesser-included offense when the government objects -- as it does here.  See Burrage v. United States, 571 U.S. 204, 210 n.3 (2014) (a "[v]iolation of § 841(a)(1) is thus a lesser included offense of" the crime of distribution resulting in death or serious bodily injury); Collazo, 984 F.3d at 1321 ("any fact which increases a mandatory minimum" also constitutes an "element" of a charged offense, including in § 846 cases) (cleaned up); United States v. Edmonson, 792 F.2d 1492, 1498-99 (9th Cir. 1986) ("a district court in accepting a guilty plea to the indictment, may not, without the government's consent, accept a plea to a lesser included offense").

## II.  ARGUMENT

### A.  Defendant Sei Is Liable for the Fentanyl-Induced Overdoses by Agreeing to Distribute Oxycodone

Count One of the SSI alleges that defendant Sei agreed to distribute and possess with intent to distribute cocaine, MDMA, and oxycodone, and that the distribution of fentanyl pills marketed as oxycodone resulted in one fatal and three near-fatal overdoses. Defendant Sei argues that the Court should strike the four overdose allegations as surplusage because Count One does not allege that defendant Sei agreed to distribute fentanyl as an object of the conspiracy, and fentanyl "just happened to be present in certain of the Oxycodone pills."  (Mot. at 10-11.)

He is wrong.  A factual allegation of death and/or serious bodily injury resulting from distribution not only triggers a sentencing enhancement under 21 U.S.C. § 841(b)(1)(C) but constitutes a separate and distinct crime.  Burrage, 571 U.S. at 210 n.3; Collazo, 984 F.3d at 1321.  Those allegations are thus not surplusage

but instead the distinct crime that defendant is charged with conspiring to commit as noted below.

Further, the government does not need to allege or prove that defendant Sei agreed to distribute fentanyl in particular. In Collazo, the Ninth Circuit held that, in a drug conspiracy case under § 846, "the government must prove only that the defendant's mental state was the same as if the defendant had been charged with the underlying offense."[2] 984 F.3d at 1333. It is well-established that for the offense underlying Count One, namely, a violation of § 841, the government does not need to prove that a defendant knew that he was distributing a specific substance or quantity to obtain a penalty enhancement set forth by the statute so long as the defendant knew that it was "some kind of a federally controlled substance." See Ninth Circuit Model Criminal Jury Instruction, No. 12.1 (2022 ed.); United States v. Soto-Zuniga, 837 F.3d 992, 1004-05 (9th Cir. 2016). In order words, "[t]he government does not have to prove that the defendant had any knowledge or intent with respect to those facts" triggering a statutory penalty enhancement under § 846. Collazo, 984 F.3d at 1336.

As defendant Sei expressly concedes that he knew he was distributing oxycodone, MDMA, and cocaine -- all federally controlled substances -- in furtherance of the conspiracy, it is of no moment that he also claims that he did not agree to distribute specifically

---

[2] Collazo is binding authority on this Court. However, the government intends to heighten its burden of proof at trial that, as to Count One, it was at least reasonably foreseeable to defendant Sei and his charged co-conspirators that the distribution of what was marketed as oxycodone pills could have resulted in a fentanyl overdose or death.

1    fentanyl.[3]  Defendant Sei is subject to the 20-year mandatory minimum

2    and life maximum penalty enhancements attached to Count One

3    regardless, because he knowingly participated in a conspiracy that

4    distributed a controlled substance, resulting in one fatal and three

5    near-fatal overdoses.  This is because "it is not unusual to punish

6    individuals for the unintended consequences of their <u>unlawful</u> acts."

7    <u>Dean v. United States</u>, 556 U.S. 568, 575 (2009) (emphasis in

8    original).

9         **B.   Defendant Sei May Not Plead Guilty to a Lesser Included**
              **Offense of Count One**
10

11        Defendant Sei also seeks to plead guilty to conspiracy to

12   distribute and possess with intent to distribute cocaine, MDMA, and

13   oxycodone, without further admitting that the conspiracy's

14   distribution of drugs resulted in one fatal and three near-fatal

15   overdoses.  In doing so, defendant Sei unilaterally seeks to avoid

16   the specific charge returned by the grand jury in Count One and avail

17   himself of the lower mandatory minimum and maximum penalties.  (Mot.

18   at 13-14.)

19        He cannot do so.  Such a plea would constitute a plea to a

20   lesser included offense of what is charged in Count One.  <u>See</u> <u>Alleyne</u>

21   <u>v. United States</u>, 570 U.S. 99, 113-15 (2013) ("a fact triggering a

22   mandatory minimum alters the prescribed range of sentences to which a

23   criminal defendant is exposed" and therefore "necessarily forms a

24   constituent part of a <u>new offense</u>") (emphasis added); <u>Burrage</u>, 571

25

26   _____

27        [3] Defendant Sei's citation to <u>United States v. Gonzalez</u>, 683
     F.3d 1221, 1225 (9th Cir. 2012), does not appear to help him.
28   <u>Gonzalez</u> held that a venue is established when a coconspirator
     commits an act in furtherance of a conspiracy in the charging
     district.

1    U.S. at 210 n.3 (2014) (a "[v]iolation of § 841(a)(1) is thus a

2    lesser included offense of" the crime of distribution resulting in

3    death or serious bodily injury).  United States v. Hyde, 520 U.S. 670

4    (1997), and In re Vasquez-Ramirez, 443 F.3d 692 (9th Cir. 2006), are

5    therefore inapplicable here because that line of cases applies to

6    situations in which a defendant is tendering an "unconditional guilty

7    plea" to the charged offense.  Id.  Here, defendant Sei's offer to

8    plead guilty is not unconditional and certainly not to the charged

9    offense.

10        Accepting defendant's argument, moreover, would conflict with

11   Ninth Circuit law.  "[T]he plea contemplated by Rules 10 and 11 is a

12   plea to the offense charged in the indictment or information, and . .

13   . a plea to a lesser included offense may not be tendered, and cannot

14   be accepted by the court, unless the government consents."  United

15   States v. Gray, 448 F.2d 164, 168 (9th Cir. 1971); Edmonson, 792 F.2d

16   at 1498-99 (same); accord United States v. Midgett, 488 F.3d 288, 298

17   (4th Cir. 2007) ("in the absence of an agreement by the Government,

18   the refusal to accept a plea to a lesser charge is not an abuse of

19   discretion"); United States v. Carnahan, 684 F.3d 732, 737 (8th Cir.

20   2012) (citing cases and affirming the district court's denial of a

21   defendant's guilty plea to a lesser included offense not charged in

22   an indictment because such a plea requires the United States'

23   consent).[4]  This is because doing so would violate "our system of

24

25        [4] In United States v. Thomas, 355 F.3d 1191, 1196 (9th Cir.
26   2004), the Ninth Circuit stated that a defendant may plead guilty to
     a crime by admitting the "elements of a criminal charge" without
27   being required to admit to any material facts that would support a
     penalty enhancement because those facts are not "elements of the
28   offense."  As the Supreme Court later explained in Burrage, however,
     alleged facts in an indictment that trigger a penalty enhancement,
                *(footnote cont'd on next page)*

1  separation of powers" by intruding on the United States Attorney's

2  "exclusive and absolute discretion" to "choose the statute that will

3  be charged."  Edmonson, 792 F.2d at 1497 (cleaned up).  The

4  government does not consent to defendant Sei's demand to plead guilty

5  to the lesser included offense of what is charged in Count One.

6      The government may revisit its position if defendant Sei

7  presents a revised factual basis that admits the Alleyne facts

8  supporting the 20-year mandatory minimum and lifetime maximum penalty

9  enhancements applicable to Count One as charged.

10 **III.  CONCLUSION**

11     For the foregoing reasons, the government respectfully requests

12 that this Court deny defendant Sei's requests to plead open to a

13 lesser included offense of Count One and to strike as surplusage the

14 death and serious bodily injury allegations supporting the penalty

15 enhancements for Count One.

16

17

18

19

20

21

22

23

24 _____

25 such as a death or serious bodily injury resulting allegation, become
   elements of the charged offense.  571 U.S. at 210 n.3.  Indeed, the
   Supreme Court defined the elements of distribution resulting in death

26 -- the underlying substantive offense of the conspiracy charged here
   -- as: (1) "knowing or intentional distribution" of a controlled

27 substance; and (2) "death caused by ('resulting from') the use of
   that drug."  Id.  Thus, defendant's proposal fails Rule 11's

28 standards because it does not contain an element of the offense that
   he is charged with.